CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 07 2011

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMINA AL-HABASHY, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 7:11cv00306 |
| | ) |
| v. | )  **MEMORANDUM OPINION** |
| | )  **AND ORDER** |
| COMMONWEALTH OF VIRGINIA, | ) |
| DEPARTMENT OF JUVENILE JUSTICE, | )  By: Samuel G. Wilson |
| | )  United States District Judge |
| Defendant. | ) |

Plaintiff Amina Al-Habashy, proceeding *pro se*, brought this employment discrimination action pursuant to 42 U.S.C. § 1981 (2006), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (2006) ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006). The plaintiff is an African-American female living in Roanoke County, Virginia. She applied for and was denied employment as a "Probation Supervisor" with the Virginia Department of Juvenile Justice. In her complaint, she alleges that she was denied employment based on age and racial discrimination. The defendant made a partial 12(b)(6) motion to dismiss plaintiff's § 1981 and age-discrimination claims based on sovereign immunity, failure to exhaust administrative remedies, and insufficient pleading under Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129. S. Ct. 1937 (2009). Al-Habashy subsequently filed a motion agreeing with the defendants and asking the court to dismiss those particular claims. In addition, Al-Habashy has moved the court for leave to amend her Title VII claim. By agreement of the parties, the court now grants the defendant's motion to dismiss the plaintiff's § 1981 and ADEA claims. Further, because Rule 15(a) of the Federal Rules of Civil Procedure requires that the "court should freely give leave when justice so

requires" and because the defendant is unable to demonstrate prejudice to its ability to prepare for trial or to otherwise respond to an amended complaint, the court grants the plaintiff's motion to amend.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the defendant's motion to dismiss plaintiff's § 1981 and ADEA claims is **GRANTED** and those claims are **DISMISSED**. In addition, the plaintiff's motion to amend her complaint is hereby **GRANTED**.

**ENTER**: This 7th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE